

Erin M. Garred

1979 Garahm Blvd.

Vale, Oregon 97918

(541) 216-9107

**Plaintiff, Pro Se**

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### (EASTERN)

| | | |
|---|---|---|
| ERIN M. GARRED, | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO. CV '10 - 570    SU |
| vs. | ) | |
| | ) | COMPLAINT |
| JACKIE L. WICK, WILLIAM HOEFEL, | ) | (Jury Demand) |
| SHIRLEY E. HODGE, HEATHER M. VILLANUEVA, | ) | |
| SCOTT PETERSON, VICKIE CLARK, TERESA | ) | |
| GRIFFIN, BETTY WILSON, and ASHLEY | ) | |
| CLEMENTS, | ) | |
| Defendants. | ) | |

COME NOW, Plaintiff Erin M. Garred allege against the Defendants as follows:

## INTRODUCTION

1. Over the course of many years, the Defendants have failed to provide a hostile free atmosphere within the ranks of the nursing staff employed by the Oregon Department of Corrections. This hostile environment is not rendered or applied against the prison inmates and their obvious hostility that comes with incarceration, but for the hostility caused by the management of the nursing staff employed within ODOC. Coupled with claims that allege violations from breach of contract between the Defendants and the Plaintiff, insofar as conditions the Plaintiff has been ordered to undergo demanded by management, that is in direct breach of contract.

## JURISDICTION AND VENUE

2. This action arises under the Fifth and Fourteenth Amendments of the United States Constitution, and 42 U.S.C. § 1983, and the Seventh Amendment of the United States Constitution.

3. This Court has proper subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1343(a)(3) and (a)(4) and 28 U.S.C. § 1331.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because this cause of action arose in this judicial district.

## PARTIES

5. Plaintiff Erin M. Garred address is 1979 Graham Blvd., Vale, Oregon 97918. During relevant times material to this Complaint she has been employed by the Oregon Department of Corrections as a Nurse in the central medical department there.

6. During relevant times material to this Complaint, Defendant Jackie L. Wick has been employed by the Oregon Department of Corrections in the nursing department as an RN, Nurse manager.

7. During relevant times material to this Complaint, Defendant William Hoefel has been employed by the Oregon Department of Corrections in Health Services the Health Services Administrator.

8. During relevant times material to this Complaint, Defendant Shirley E. Hodge has been employed by the Oregon Department of Corrections in Health Services as RN, Health Services Manager.

9. During relevant times material to this Complaint, Defendant Heather M. Villanueva has been employed by the Oregon Department of Corrections in the nursing department as Health Services Administrator Assistant.

10. During relevant times material to this Complaint, Defendant Scott Peterson has been employed by the Oregon Department of Corrections as Purchasing Agent and Statewide vice president of the union.

11. During relevant times material to this Complaint, Defendant Vickie Clark has been employed by the Oregon Department of Corrections as an RN Nurse Manager.

12. During relevant times material to this Complaint, Defendant Teresa Griffin has been employed by the Oregon Department of Corrections as an RN Nurse Manager.

13. During relevant times material to this Complaint, Defendant Betty Wilson has been employed by the Oregon Department of Corrections as Support Services Manager.

14. During relevant times material to this Complaint, Defendant Ashley Clements has been employed by the Oregon Department of Corrections as an RN Nurse Manager.

**FACTUAL BACKGROUND**

15. Plaintiff has been employed by the defendants for a number of years now, she has undergone great mental trauma insomuch as requesting and receiving stress leave and Workman's compensation, caused by the torturous work environment inflicted by the defendants onto the plaintiff and other staff at the DOC medical unit.

16. The primary defendant responsible for this unnecessary stress is defendant Jackie Wick. Defendant Wick has abused her position as manager in such a manner that she inflicts

unwarranted threats, harassment, and quite simply hostility in the work environment. Wick has appeared to resort to **(Persona Nongrata)** attempting in forcing plaintiff to simply walk off her job in order for grounds of termination. Verbal abuses, name calling and demeaning plaintiff is of a daily and/or hourly occurrence. Plaintiff has succumbed ill while trying to perform her duties as defendant Wick was badgering her in a very disrespectful manner in the presence of other employees and inmates leaving plaintiff feeling traumatized.

17. Defendants Wick and Hodge has falsified plaintiff's timecards by removing hours worked by plaintiff and submitting the gutted time remaining as hours worked for that pay period. Defendant Wick changed plaintiff's timecards without permission. Defendant's Griffin, Hodge, Clements and Clark required proof from plaintiff she worked those hours, and defendants' made continuous errors on the timesheets.

### FIRST CLAIM FOR RELIEF – FIFTH AND FOURTEENTH AMENDMENT

18. Plaintiff Garred incorporates by reference 1-17 above as if set forth fully herein.
19. At all materials times to this Complaint, Defendants were acting under color and pretense of the statutes, regulations, policies, customs and usages of the State of Oregon, and under the authority of their offices, as heretofore alleged, in the penal system of the State of Oregon.
20. Defendants' Wick, Hoefel, Hodge and Villanueva have engaged in behaviors and practices that create a hostile work environment in the medical department of the Oregon State Corrections Institution of the Snake River Correctional Institution just outside of Ontario, Oregon.
21. Defendants' have done this by the hostile treatment towards the nursing staff (specifically the plaintiff), by Defendant Wick's hostility and treatment towards the plaintiff. On many occasions has threatened plaintiff using manipulation tactics holding her position at bay and purposely changing plaintiffs schedule erratically, requiring plaintiff to perform duties that is not part of plaintiff's contract with the union and the department of corrections. The word most

appropriately defining defendant's treatment towards the plaintiff is **(Persona Nongrata)**. That is it seems through these tactics that defendant Wick is purposely attempting to push plaintiff on the edge to result voluntary termination, even though the plaintiff has not done anything wrong to deserve her loss of employment. Defendants' Hoefel, Hodge and Villanueva are plaintiff's supervisors and managers who have received plaintiff's grievances from defendant Wick's behavior, and have denied plaintiffs claims on these grievances, thus failed to comply with the policies and state and federal statutes to protect the employee from mistreatment and abuses.

### SECOND CLAIM FOR RELIEF – FIFTH AND FOURTEENTH AMENDMENT

22. Plaintiff Garred incorporates by reference 1-21 above as if set forth fully herein.

23. At all materials times to this Complaint, Defendants were acting under color and pretense of the statutes, regulations, policies, customs and usages of the State of Oregon, and under the authority of their offices, as heretofore alleged, in the penal system of the State of Oregon.

24. Defendants' Wick, Hodge, Hofel, Villanueva, Scott Peterson, Clark, Griffin, Wilson and Clements have enforced unfair labor practices by using their authority as if in a war zone. Also to mention the grievance system used in the Oregon Correctional medical department insomuch as ignoring and not investigating complaints or grievances from the nursing staff to the managers in the administration of the nursing department. Such ignorance in addressing grievances has lead to violations of the fifth and fourteenth amendment of the United States resulting in unfair labor practices.

### THIRD CLAIM FOR RELIEF – FIFTH AND FOURTEENTH AMENDMENT

25. Plaintiff Garred incorporates by reference 1-24 above as if set forth fully herein.

26. At all materials times to this Complaint, Defendants were acting under color and pretense of the statutes, regulations, policies, customs and usages of the State of Oregon, and under the authority of their offices, as heretofore alleged, in the penal system of the State of Oregon.

27. Defendants' Wick, Hodge, Hofel, Villanueva, Scott Peterson, Clark, Griffin Wilson, and Clements have engages in a practice of management that places their subordinates in unwarranted or unnecessary safety risks by placing inmates in a locked room with a nurse who is untrained to deal with violence or the implied tendency of violence from inmates; that nurses employed at SRCI is only trained in the medical field (not security). By placing these nurses at risk unnecessarily while performing their duties. Other points of failure to provide a safe work environment, is the hostility caused by the defendants amongst co-workers and the managers causing a web of hostility between all. It's as if a free for all and the last man standing wins no matter what the loss.

28. Defendants' Hodge and Wick was aware of Nurse Wickert's verbal attack holding a closed fist of aggression towards the plaintiff. Seven months later on final disposition of plaintiff's complaint about this incident, Defendant Hodge simply replied that "she didn't hit you."

29. Defendant Scott Peterson who holds the office of Purchasing Agent and Statewide vice president of the union, has learned of plaintiff's grievances, and while his duties as purchasing agent is that what it is, however, his role as vice president of the union, he should have responded to these grievances accordingly, he did not. Defendants' Peterson, Hodge Griffin and Clements turned a blind eye to plaintiff's grievances, thus causing her more and more trauma as she was repeatedly victimized by defendant Wick's persecution tactics towards the plaintiff.

### FOURTH CLAIM FOR RELIEF – BREACH OF CONTRACT

30. Plaintiff Garred incorporates by reference 1-27 above as if set forth fully herein.

31. At all materials times to this Complaint, Defendants were acting under color and pretense of the statutes, regulations, policies, customs and usages of the State of Oregon, and under the authority of their offices, as heretofore alleged, in the penal system of the State of Oregon.

32. Defendant Wick and Hodge has purposely altered plaintiff's timecards resulting in the loss of hours worked by plaintiff. Plaintiff was forced to prove that these timecards were altered, that she was not being credited for all the hours she worked.

33. Defendant Wick changed plaintiff's timecards without permission.

34. Defendants' Griffin, Hodge, Clements and Clark required proof that plaintiff worked those hours, and defendants' made continuous errors on the timesheets.

35. Defendants have caused great emotional and financial distress onto the plaintiff for quite simply cheating her out of time worked.

36. Defendants failed to comply with state regulations requiring signing timecards in a timely manner before they go to payroll.

37. Defendants' Wick, Hoefel, Hodge and Villanueva have supervisory liability in this case concerning the claims as listed above.

38. All defendants' have received proper and complete grievances from the plaintiff, and in all cases plaintiff's grievances were denied without proper consideration in violation of plaintiff's rights that defendants failed to comply with the policies and state and federal statutes to protect the employee from mistreatment and abuses.

### DEMAND FOR JURY TRIAL

39. Plaintiff Garred demand a trial by jury on all matters to which they have a right to trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Garred respectfully requests that this Court grant the following relief, as appropriate:

(a) Enter Judgment in her favor;

(b) Declare the conduct engaged in by the Defendants to be in violation of the Plaintiff's rights;

(c) Enjoin Defendants and those acting in concert with Defendants from continuing to violate the rights of the Plaintiff;

(d) Award Plaintiff compensatory damages in an amount of one million and five hundred thousand dollars ($1,500,000);

(e) Award Plaintiff nominal damages:

(f) Award Plaintiff punitive damages in an amount of five hundred thousand dollars ($500,000);

(g) Award the Plaintiff attorney fees and costs;

(h) Award Plaintiff preparation and filing costs;

(i) Award Plaintiff prejudgment interest; and

(j) Grant the Plaintiff such other and further relief as may be just and proper.

### DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that she is the plaintiff in the above action, that she has read the above complaint and that the information contained in the complaint is true and correct 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at _____ on _____, 2010.

Respectfully submitted this ___18 in___ day of ___May___, 2010.

*Erin M. Garred*

Erin M. Garred – Plaintiff, Pro Se