IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| ERIN M. GARRED, | CV-10-570-SU |
|         Plaintiff, | FINDINGS AND RECOMMENDATION |
| v. | |
| JACKIE L. WICK, WILLIAM HOEFEL, SHIRLEY E. HODGE, HEATHER M. VILLANUEVA, SCOTT PETTERSON,[1] VICKIE CLARK, TERESA GRIFFIN, BETTY WILSON, ASHLEY CLEMENTS, | |
|         Defendants. | |

SULLIVAN, Magistrate Judge:

    Plaintiff Erin M. Garred, proceeding *pro se*, brings this civil rights action pursuant to 42

---

[1] The court notes that Petterson's name is misspelled in the complaint. The court uses the correct spelling as supplied by Petterson and directs the parties to correct the spelling on all subsequent filings.

Page 1 - FINDINGS AND RECOMMENDATION

U.S.C. § 1983 against nine named defendants, all of whom work for the Oregon Department of Corrections ("ODOC"): Jackie L. Wick, William Hoefel, Shirley E. Hodge, Heather M. Villanueva, Vickie Clark, Teresa Griffin, Betty Wilson, and Ashley Clements (collectively "Defendants") are named as managers and administrators; Scott Petterson is named as a union representative. Plaintiff alleges that defendants violated her due process rights under the Fifth and Fourteenth Amendments of the United States Constitution. Plaintiff also alleges that defendants and Petterson breached a contract related to her employment.

Presently before the court are defendants' motion to dismiss pursuant to FRCP 12(b)(6), Petterson's motion to dismiss pursuant to FRCP 12(b)(1), and Garred's motion to withdraw defendant Petterson. Defendants have also filed a motion to strike plaintiff's response as untimely. For the reasons set forth below, the motions should be granted in part, and denied in part.

## BACKGROUND

Garred is employed by ODOC as a nurse working at the Snake River Correctional Institution ("SRCI"). (Complaint (#1), ¶ 5.) All the defendants and Petterson were ODOC employees during relevant times material to the complaint. (*Id*. at ¶¶ 6-14.) Garred identifies Wick, Clark, Griffin, and Clements as "RN, nurse managers," Hoefel as a Health Services Administrator, Hodge as a Health Services Manager, Villanueva as a Health Services Administrator Assistant, and Wilson as a Support Services Manager. (*Id*.) Petterson is employed by ODOC as a Purchasing Agent, and also serves as the union's vice president. (*Id*. at ¶ 10.) At all times relevant to plaintiff's complaint, American Federation of State, County and Municipal Employees ("AFSCME") is the union representing employees at SRCI under a collective

bargaining agreement ("CBA"). (Petterson Motion to Dismiss (#7), p.2.)

Garred alleges that Wick engaged in threatening, harassing, and hostile behavior towards Garred in order to force her to resign. (Complaint at ¶ 16.) Garred does not assert that she did resign. Garred's first three claims allege a violation of her Fifth and Fourteenth Amendment Rights. The First Claim alleges that Wick falsified Garred's time cards, changed her schedule at will, required her to perform duties that were not part of her employment contract, and verbally abused and demeaned her in the presence of other employees and inmates. (*Id*. at ¶¶ 16, 17, 21.) Plaintiff alleges that she filed grievances based on Wick's behavior with her managers, defendants Hoefel, Hodge, and Villanueva, who unlawfully denied her claims. (*Id*. at ¶ 21.) The Second Claim alleges that all defendants enforced unfair labor practices by "using their authority as if in a war zone," by failing to investigate complaints and grievances made by the nursing staff to the nursing department managers and supervisors. (*Id*. at ¶ 24.)

The Third Claim alleges that all defendants failed to provide a safe work environment by requiring nurses to work in locked rooms with inmates without proper security training and by maintaining a hostile work environment among nursing staff and managers. (*Id*. at ¶ 27.) Moreover, Garred alleges that Nurse Wickert verbally attacked her and held a closed fist toward her. When Garred filed a complaint about the incident, Hodge and Wick failed to satisfactorily respond. Further, she alleges that "on final disposition of this complaint" many months later, Hodge told her that "she didn't hit you." (*Id*. at ¶ 28.)

Garred asserts that Petterson learned of her grievances in his role as the union's vice president, but failed to appropriately respond. (*Id*. at ¶ 29.) Finally, Petterson, Hodge, Griffin, and Clements allegedly "turned a blind eye" to Garred's grievances, "thus causing more and more

Page 3 - FINDINGS AND RECOMMENDATION

trauma" because of Wick's allegedly hostile behavior. (*Id*.)

Garred's Fourth Claim is for beach of contract and alleges that Wick and Hodge altered Garred's time cards, causing her to not be credited for all hours worked. (*Id*. at ¶¶ 32-33.) She also asserts that Hodge, Clark, Griffin, and Clements required proof that Garred worked all the hours on her time sheet, yet they made continuous errors on the time sheets. (*Id*. at ¶34.) Defendants allegedly failed to require time cards to be signed in a timely manner before being submitted to payroll. (*Id*. at ¶ 36.) Finally, Garred alleges that defendants and Petterson denied Garred's grievances without proper consideration, causing her great emotional and financial distress. (*Id*. at ¶¶ 35, 38.)

Garred seeks declaratory and injunctive relief, over a million dollars in compensatory damages, and $500,000 in punitive damages. (*Id*. at ¶ 39.) Defendants seek to dismiss for failure to state a claim, and defendant Petterson seeks to dismiss for lack of subject matter jurisdiction.

**LEGAL STANDARD**

I. **Failure to State a Claim**

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" specifically, it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004); *see also* Fed. R. Civ. P. 8(a).

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). In considering a motion to dismiss, this court accepts all of the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Kahle v. Gonzales*, 474 F.3d 665, 667 (9th Cir. 2007). Moreover, the court "presume[s] that general allegations embrace those specific facts that are necessary to support the claim." *Nat'l Org. for Women v. Scheidler*, 510 U.S. 249, 256 (1994), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The court need not, however, accept legal conclusions "cast in the form of factual allegations." *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

*Pro se* pleadings are held to a less stringent standard than those drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Specifically, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). Before dismissing a *pro se* complaint, the court must, in many circumstances, instruct the *pro se* litigant as to the deficiencies in the complaint and grant leave to amend. *See Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). Nevertheless, a *pro se* plaintiff's claims may be dismissed where it appears beyond doubt that the plaintiff can prove no set of facts in support that would entitle him to relief. *Barrett v. Belleque*, 554 F.3d 1060, 1061 (9th Cir. 2008).

## II.   Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and cannot hear every dispute presented by litigants. *See Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d

Page 5 - FINDINGS AND RECOMMENDATION

1221, 1225 (9th Cir. 1989). A federal district court is empowered to hear only those cases that are within the judicial power conferred by the United States Constitution and those that fall within the area of jurisdiction granted by Congress. *Richardson v. United States*, 943 F.2d 1107, 1112-13 (9th Cir. 1991), *cert. denied* 503 U.S. 936 (1992). Original jurisdiction must be based either on a claim involving the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331, or on diversity of citizenship, which applies to suits totaling more than $ 75,000 in controversy between citizens of different states, 28 U.S.C. § 1332. Unless a grant of jurisdiction over a particular case exists, the court is presumed to lack jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377-78 (1994). Subject matter jurisdiction is a threshold issue in the absence of which the court cannot proceed to hear other issues. *United States Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 79-80 (1988); *Blackburn v. United States*, 100 F.3d 1426, 1436 (9th Cir. 1996).

In considering a facial attack on subject-matter jurisdiction, in which a defendant challenges the sufficiency of a pleading to establish jurisdiction in the federal courts, this court accepts the allegations in the complaint as true and views them in the light most favorable to the plaintiff. *See*, *e.g.*, *Wolfe v. Strankman*, 392 F.2d 358, 362 (9th Cir. 2004); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004), *cert. denied*, 544 U.S. 1018 (2005). In ruling on a 12(b)(1) motion, "the court is not confined by the facts contained in the four corners of the complaint." *Americopters, LLC v. F.A.A.*, 441 F.3d 726, 732 n.4 (9th Cir. 2006).

"Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court." *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988), *cert denied*, 490 U.S. 1098 (1989). However,

where no other court has the power to hear the case, dismissal with prejudice is appropriate. *See id*. The complaint of a *pro se* plaintiff is to be construed liberally when analyzing subject matter jurisdiction. *Wolfe*, 392 F.2d at 362.

## ANALYSIS

### I. Motion to Strike

As a preliminary matter, the court considers defendants' motion to strike Garred's response as untimely. On October 21, 2010, Garred filed a single responsive document to both motions to dismiss. Included in her response was her own motion to withdraw defendant Petterson (docket #10).[2] Garred's response was filed late, as the responsive deadline for the defendants' 12(b)(6) motion was September 7, 2010, and September 27, 2010 for Petterson's 12(b)(1) motion. While Garred's filing is significantly late, given the Ninth Circuit's "policy of liberal construction in favor of *pro se* litigants," the court will consider her response. *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998), *cert. denied*, 527 U.S. 1035 (1999). Accordingly defendants' motion to strike (docket #11) should be denied.

### II. Defendants' Motion to Dismiss for Failure to State a Claim

Defendants seek to dismiss Garred's complaint in its entirety for failure to state a claim upon which relief can be granted. Garred's first three claims allege a violation of her Fifth and Fourteenth Amendment rights, and her last claim is a state law claim based upon breach of contract.

#### A. Constitutional Claims

---

[2] The court notes that Garred's response was docketed twice, once as her responsive filing (docket #9), and once as her motion to withdraw defendant Petterson (docket #10). The filing date for both is October 21, 2010.

Page 7 - FINDINGS AND RECOMMENDATION

Defendants seek to dismiss the First, Second, and Third Claims for failure to allege sufficient facts to support a cognizable legal theory. In each of these claims, Garred asserts a violation of her due process rights under the Fifth and Fourteenth Amendments. Garred alleges that she made complaints regarding the allegedly hostile work environment, unsafe conditions, and physical threats she experiences at the hands of ODOC managers and that defendants failed to address her complaints. Reading the complaint and the facts alleged therein in the light most favorable to Garred, the court views these allegations to mean that Garred asserts that her procedural due process rights were violated because of defendants' handling of her complaints related to the allegedly hostile and unsafe work environment.

Garred's First, Second and Third claims allege due process violations against state defendants being sued in their official capacity.[3] As such, the appropriate analysis is under Fourteenth Amendment procedural due process rather than the Fifth Amendment. *Binque v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008), citing *Castillo v. McFadden*, 399 F.3d 993, 1002 n.5 (9th Cir.), *cert. denied*, 546 U.S. 818 (2005) ("The Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several States[.]"). "A section 1983 claim based upon procedural due process has three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; and (3) lack of

---

[3] Plaintiff does not specifically allege that defendants are being sued in their individual or official capacity but it is clear from the complaint that they are being sued as ODOC managers and administrators. (*See* Complaint at ¶¶ 6-14, 19, 23, 26, 31.) While the court need not address the issue, it should be noted that to the extent that Garred brings suit against her managers in their official capacity, such claims are likely barred by the Eleventh Amendment which prohibits suits against state officials in their official capacity "absent unequivocal consent by the state." *Krainski v. Nevada ex rel. Board of Regents*, 616 F.3d 963, 967-68 (9th Cir. 2010) (citation omitted).

process." *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993). The proper analysis under the Due Process Clause is to ask whether a constitutionally protected liberty or property interest exists of which a person has been deprived, and, if so, whether the procedures followed were constitutionally sufficient. *Brewster v. Board of Ed. of The Lynwood Unified School Dist.*, 149 F.3d 971, 982-83 (9th Cir. 1998), *cert. denied*, 526 U.S. 1018 (1999); *see also Swarthout v. Cooke*, --- S.Ct. --- , 2011 WL 197627, at * 2 (January 24, 2011).

Government employees have "a constitutionally protected property interest in continued employment when the employee has a legitimate claim of entitlement to the job[,]" as derived from state law and other sources. *Portman*, 995 F.2d at 904, citing *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972). Oregon law recognizes classified public service employment as a property interest. *Tupper v. Fairview Hospital*, 276 Or. 657, 662, 556 P.2d 1340, 1344 (1976); *see also* O.R.S. 240.560. Prior to dismissal, a classified state employee must be provided some notice of the charges, proposed sanction, and provided an opportunity to respond if the action is contested. *Id*; *Hammer v. OSP*, 276 Or. 651, 654-55, 556 P.2d 1348, 1350 (1976), *vacated* 434 U.S. 945 (1977), *aff'd on remand*, 283 Or. 369, 583 P.2d 1136 (1978). Here, Garred alleges neither that she has lost her job, nor suffered any demotion or discipline at the hands of her supervisors. Rather, Garred complains that defendants have failed to adequately respond to her complaints and grievances about the allegedly hostile and unsafe conditions in her workplace. In each instance, Garred alleges that she lodged complaints and availed herself of the grievance procedures in place under the ODOC medical department's grievance system. (Complaint at ¶¶ 21, 24, 29, 38.)

Garred's allegations that she has been subjected to an unsafe and hostile work

Page 9 - FINDINGS AND RECOMMENDATION

environment on the job do not rise to the level of a protected property interest under the Fourteenth Amendment.[4]  *See Krainski*, 616 F.3d at 970-72.  It appears that she continues to work for ODOC and has been given an opportunity to file grievances regarding her complaints. To the extent that a deprivation occurred as a result of the alleged modification of her time cards, plaintiff could and did avail herself of the grievance procedures provided through the CBA between ODOC and AFSCME.[5]  The grievance procedures provided for under the CBA and Oregon law provide adequate due process to address plaintiff's complaints.[6]

Defendants' motion to dismiss should be granted with regard to the First, Second, and Third Claims.  These claims should be dismissed without prejudice and Garred granted leave to file an amended complaint.

/ / /

---

[4] Plaintiff may be able to state a claim for hostile work environment under Title VII, 42 USC § 2000e *et seq* for retaliation or hostile work environment based upon a protected status. *See Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006); *Nichols v. Azteca Rest. Enter., Inc.*, 256 F.3d 864, 871-72 (9th Cir. 2001). She might also be able to state a claim under Oregon's whistleblowing statute, O.R.S. 659A.203, which prohibits retaliation against private and public employees who report violations of the law or who report issues related to workplace health and safety.

[5] If the alleged modifications of her time cards caused her to fall below the minimum wage or not receive proper overtime pay, plaintiff may also be able to state a wage and hour claim. *See* 29 U.S.C. §§ 206, 207 (federal statues); O.R.S. 653.025, O.R.S. 653.261 (Oregon statutes).

[6] Defendant also contends that Garred has failed to allege that any of the acts alleged occurred during the two-year statute of limitations for a §1983 claim.  The statute of limitations for § 1983 claims brought in this district is two years.  *Davis v. Harvey*, 789 F.2d 1332, 1333 (9th Cir. 1986).  While the court need not specifically address this defense, it is noted that the complaint contains no information regarding when the alleged acts occurred other than that plaintiff has been employed at ODOC "for a number of years now" and that the alleged wrongdoing has occurred "over the course of many years." (Complaint at ¶¶ 1, 15.)

/ / /

### B. Breach of Contract Claim

Garred's Fourth Claim against defendants is a state law claim based on breach of contract. Given her membership in the union, the underlying contract at issue is the CBA. To the extent that the Fourth Claim or any of Garred's claims amount to violations of the CBA, Garred must first bring her claim in accordance with the grievance procedures set forth in that agreement.[7] The complaint does not provide any information regarding whether Garred indeed exhausted all remedies, including appeals, available under the written contract, stating only that she filed "proper and correct grievances" which were "denied without proper consideration[.]" (Complaint at ¶ 38.)

It is well settled in Oregon that the Employment Relations Board ("ERB") has exclusive jurisdiction over claims asserting a violation of a written contract regarding employment relations. *Coleman v. Children's Services Div.*, 71 Or. App. 687, 689-90, 694 P.2d 555, 557-58, *rev. denied*, 299 Or. 251, 701 P.2d 784 (1985). Therefore, regardless of whether Garred has indeed exhausted the grievance procedures as provided in her contract, she was required to bring her breach of contract claim first to the ERB.

Oregon's Public Employees Collective Bargaining Act ("PECBA"), O.R.S 343.650 *et seq.*, is a comprehensive regulatory scheme for resolving public sector labor disputes. *Ahern v. Oregon Public Employees Union*, 329 Or. 428, 434-35, 988 P.2d 364, 367-68 (1999). It is well settled in Oregon that any claim against the union or its officers for engaging in an unfair labor practice must be filed with the ERB, which has exclusive jurisdiction over such claims. *Id.*, 329

---

[7] The CBA has not been made a part of the record.

Page 11 - FINDINGS AND RECOMMENDATION

Or. at 433-35, 988 P.2d at 367-68; *see also Coleman*, 71 Or. App. at 691-92, 694 P.2d at 558. Thus, Garred's breach of contract claim against Petterson must have been filed with the ERB, not the federal trial court.

To the extent that Garred's state law breach of contract claims have been filed supplemental to the federal claims, the state law claims should be dismissed with the underlying federal law claims because Garred has not satisfactorily alleged an independent basis for subject matter jurisdiction over her state law claims. *Kelly v. Fleetwood Enterprises, Inc.* 377 F.3d 1034, 1040 (9th Cir. 2004).

### III. Petterson's Motion to Dismiss for Lack of Jurisdiction

Petterson seeks to be dismissed from the action for lack of subject matter jurisdiction. Garred appears to have stipulated to Petterson's dismissal, since she filed her own motion seeing to withdraw him from the action (docket #10). However, even if she did not agree to his dismissal, this court does not have subject matter jurisdiction over these claims as they relate to Petterson and his role as a union representative.

While Petterson is an ODOC employee like all the other defendants, Garred identifies him as a "Purchasing Agent and [s]tatewide vice president of the union," whereas all the other defendants are identified solely by their positions in the health services department, as nurses or administrative staff. (Complaint at ¶¶ 6-14.) Garred's complaint alleges an allegedly hostile and unsafe work environment maintained by defendants' unfair labor practices, including Petterson's alleged failure to adequately address her grievances. (*See* Complaint at ¶¶ 21, 24, 28-29, 38.) In Oregon, an employee's complaint against a union for violation of its duty to represent her fairly, constitutes an allegation of unfair labor practices, over which the ERB has exclusive jurisdiction.

Page 12 - FINDINGS AND RECOMMENDATION

*Coleman*, 71 Or. App. at 692, 694 P.2d at 558. Accordingly, Garred's unfair labor practice claim must have been filed with the ERB. *Id*. Thus, Petterson's motion to dismiss (docket #7) and Garred's motion to withdraw (docket #10) should be granted. Because the court does not have subject matter jurisdiction over Petterson in his capacity with the union, he should be dismissed with prejudice.

## RECOMMENDATION

For the reasons set forth above, defendants' motion to strike (docket #11) should be denied. Petterson's 12(b)(1) motion to dismiss (docket #7), and Garred's motion to withdraw (docket #10) should be granted and defendant Petterson dismissed with prejudice. Defendants' 12(b)(6) motion to dismiss (docket #3) should be granted. The First, Second and Third Claims should be dismissed without prejudice and with leave to amend because the complaint fails to state a claim for which relief can be granted.. Plaintiff's Fourth Claim, for breach of contract, should be dismissed with prejudice for lack of subject matter jurisdiction. Because plaintiff appears *pro se*, the court should grant Plaintiff leave to amend her complaint as noted above. After thirty days, if Plaintiff has not filed an appropriate amendment, this case should be dismissed with prejudice.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within fourteen days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 11th day of February, 2011.

/s/ Patricia Sullivan
Patricia Sullivan
United States Magistrate Judge